UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NADEW A. WELDEMARIAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-2301-JWB-TJJ |
| | ) |
| BRANCH BANKING & TRUST CO., | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Nadew A. Weldemariam brings this malicious prosecution action against Defendant Branch Banking & Trust, asserting that Defendant wrongfully brought foreclosure proceedings against him without probable cause. Plaintiff seeks $25,000 in damages for the cost of defending himself in the foreclosure proceedings, as well as damages for mental and emotional distress and punitive damages. The case is before the court on Defendant's Motion for Sanctions Against Plaintiff (ECF No. 44). Defendant asks the Court to sanction Plaintiff for failing to appear at a scheduled physical or mental examination.

Because of Plaintiff's claim for mental and emotional distress, the parties agreed that an independent physical or mental examination may be appropriate.[1] After several delays, difficulties in scheduling the exam, and two amendments of the deadlines for completing the exam and disclosing experts after the exam,[2] Plaintiff had an examination with Dr. Patrick

---

[1] ECF No. 21 at 6.

[2] *See* ECF No. 34 (extending the time to complete a physical or mental exam to March 1, 2021, plus corresponding deadlines for expert disclosures); ECF No. 40 (extending the time to

1

Cafferty scheduled on March 26, 2021 from 9:00 AM to 2:30 PM. Despite counsel confirming the date, time, and location with Plaintiff several times, Plaintiff did not appear at 9:00 AM. He did arrive for the appointment at 11:45 AM, but by that time, the doctor had canceled the appointment and left the office.

Explaining why he appeared late, Plaintiff submitted an affidavit that states: "I understood the time for my medical examination to mean that I was to appear for my examination at any time between 9am-2:30pm, and not that I was to appear at 9 am."[3] Plaintiff's counsel also submitted a screen shot of his text to Plaintiff, advising Plaintiff of the time and place of his appointment: "Med exam Dr Patrick Caffrey 8301 State Line Rd suite200 9am-2:30pm."[4]

Plaintiff agrees that, because he did not timely appear for the appointment, he should pay Dr. Cafferty's fee for no-show patients for evaluations, which is $900. Defendant, however, seeks additional sanctions, asking the Court to consider Plaintiff's other conduct in this case that led to delays in scheduling the appointment and other discovery slow-downs.[5] Considering the

---

complete a physical or mental exam to April 1, 2021, plus corresponding deadlines for expert disclosures). The Court also extended the deadlines for expert disclosures a third time, again because the physical or mental exam had not yet been completed. ECF No. 43 at 2.

[3] ECF No. 45-2 at 1.

[4] ECF No. 45-1 at 2.

[5] *See* ECF No. 44 at 6–8. The Court declines Defendant's invitation to consider Plaintiff's prior discovery-related actions. The Court has already addressed previous delays by extending deadlines. And, to the extent Defendant believes that any of Plaintiff's discovery responses were insufficient, Defendant did not move to compel responses or show that any of the prerequisites for filing a motion to compel have been met. *See, e.g.*, D. Kan. R. 37.1; 37.2.

cumulative impact of Plaintiff's conduct, Defendant asks for one of three alternative sanctions, presented in order of Defendant's preference:

1. Dismissal of Plaintiff's case;

2. Prohibition against Plaintiff's introduction of any evidence of mental or emotional distress at trial, plus striking these damages from Plaintiff's Complaint; or

3. An order modifying deadlines to allow time for a rescheduled exam (and other deadlines that require modification because of the missed appointment); ordering Plaintiff to appear for such exam at the time and place Defendant elects; requiring Plaintiff to pay for the second examination; and warning Plaintiff that failure to timely appear will be sufficient grounds to dismiss Plaintiff's case with prejudice.

Defendant's first two suggestions are simply not warranted here. Dismissal is a harsh sanction—one to be applied only in extreme circumstances involving willful misconduct.[6] Likewise, striking Plaintiff's damages claim for mental or emotional distress is also unreasonably harsh given the factual circumstances here. In any event, the Court questions whether the sanctions requested are even authorized under the subsections of Rule 37 cited by Defendant. Defendant cites both subsection 37(b)(2) (giving the Court authority to enter an order of sanctions against a party who "fails to obey an order to provide or permit discovery") and subsection 37(b)(2)(B) (permitting sanctions for failing to produce a party for a medical examination ordered under Rule 35(a)). But the Court did not enter an order for Plaintiff to appear at the examination; instead, Plaintiff agreed to appear. *See Loos v. BNSF Ry. Co.*, No. CV

---

[6] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

13-3373 (PAM/FLN), 2015 WL 12806489, at *2 (D. Minn. Jan. 29, 2015) (collecting cases requiring and not requiring a court order for Rule 37 sanctions, and concluding that a court order was required). Nevertheless, because Plaintiff has agreed to pay the no-show fee, the Court need not address its authority in depth here. Plaintiff missed an appointment that began at 9:00 AM. But the Court finds that Plaintiff's failure to appear was unintentional. The Court accepts Plaintiff's explanation that he misunderstood the nature of the appointment and thought he could arrive anytime between 9:00 AM and 2:30 PM. Certainly, Plaintiff should have sought clarification if he was confused, but the Court finds that Plaintiff's mistake does not merit dismissal of his case or the prohibition of evidence supporting what is likely the bulk of his claim for compensatory damages.

The Court does believe, however, that sanctions in some form are appropriate. Plaintiff must pay the $900 charge for the missed appointment, as Plaintiff has agreed to do. In addition, the Court finds that Plaintiff must pay some amount to compensate Defendant for the inconvenience of briefing this issue to the Court. Defendant seeks its attorney's fees, arguing that the Court <u>must</u> award them under Rule 37(b)(2)(C) unless Plaintiff's failure was substantially justified or an award of expenses would be unjust. As the Court observed *supra* at 3–4, however, the Court questions whether sanctions under Rule 37 are appropriate—and therefore whether it <u>must</u> award attorney's fees. As the moving party, Defendant has not met its burden to show entitlement to attorney's fees, in any event. But under the Court's inherent authority to issue sanctions,[7] the Court finds that a nominal sum of an additional $200 is appropriate to

---

[7] The Court may issue sanctions based on its "inherent authority 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Smith v. BNSF Ry. Co.*, No. 06-2534-CM, 2010 WL 3862025, at *2 (D. Kan. Sept. 22, 2010) (quoting *Chambers v. NASCO,*

compensate Defendant for the inconvenience of filing the instant motion and rescheduling the appointment. Plaintiff shall pay Defendant a total of $1,100 for missing the appointment.

In addition, Plaintiff must appear for a make-up appointment at Dr. Cafferty's first available time to conduct an evaluation, with at least one-week of advance notice.[8] Defendant shall consult with Dr. Cafferty and, on or before May 6, 2021, shall advise Plaintiff's counsel and the Court of the date of the appointment. The Court expects the evaluation to occur on or before June 7, 2021.[9]

After receiving the appointment time from Defendant, the Court will extend the time to conduct a physical or mental examination accordingly, as well as set new deadlines for Defendant's expert disclosures, any rebuttal expert disclosures, and any deposition of Dr. Cafferty or experts timely-disclosed under the new deadlines. But the Court will not extend the discovery deadline for any other discovery. The deadline for all other discovery remains May 21, 2021.

Finally, the Court will not order Plaintiff to pay for the rescheduled appointment. Dr. Cafferty is conducting the exam at Defendant's request. Plaintiff's failure to appear on time for the first scheduled appointment does not change that fact. Plaintiff's conduct—negligent at worst—does not merit putting Defendant in a better position than it would have been otherwise.

---

*Inc.*, 501 U.S. 32, 43 (1991)).

[8] Plaintiff previously told Defendant he needed to give his employer one-week's notice to get off work. ECF No. 44-1 at 2.

[9] If Dr. Cafferty cannot conduct the evaluation by that time, Defendant may select another provider.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sanctions Against Plaintiff (ECF No. 44) is granted in part and denied in part. Plaintiff shall pay Defendant a total of $1,100 for missing the appointment with Dr. Cafferty. In addition, Plaintiff must appear for a make-up appointment at Dr. Cafferty's first available time (with at least one-week of advance notice) to conduct an evaluation. Defendant shall consult with Dr. Cafferty, determine the first available appointment, and advise Plaintiff's counsel and the Court on or before May 6, 2021 of the date of the appointment. The date of the appointment must be on or before June 7, 2021. The Court will enter a subsequent order establishing new related deadlines after receiving notification of the date of the appointment.

Dated April 30, 2021, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U.S. Magistrate Judge