IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NADEW A. WELDEMARIAM,

        Plaintiff,

v.                                                  Case No.  20-2301-JWB

BRANCH BANKING AND TRUST CO.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Truist[1] Bank's motion for summary judgment (Doc. 58). The motion has been fully briefed and is ripe for decision.  (Docs. 59, 65, 68.)  For the reasons provided herein, Defendant's motion is GRANTED.

**I.    Standard**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact.  Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Commc'ns*, 456 F.3d 1215, 1219 (10th Cir. 2006).  The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

In considering a motion for summary judgment, the facts set forth in the motion must refer "with particularity to those portions of the record upon which" Defendant relies.  D. Kan. R. 56.1(a). "All material facts set forth in the statement of the movant will be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the

---

[1] Defendant Truist Bank is formerly known as Branch Banking and Trust Co.

1

opposing party." *Id.* To properly dispute a proposed statement of material fact, the opposing party must "refer with particularity to those portions of the record upon which the opposing party relies." D. Kan. R. 56.1(b)(1). Failure to properly controvert a proposed fact that is properly supported will result in a determination that the fact is admitted. *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 F. App'x 631, 635 (10th Cir. 2008) (finding that the "district court was correct to admit all facts asserted in Blue Cross's summary judgment motion that are not controverted by a readily identifiable portion of the record.") (internal quotation and citation omitted). "[I]t is not the court's responsibility to conduct a fishing expedition of plaintiff's affidavit or any other record evidence in order to support the assertions made in [his] response." *Id.* As discussed herein, the court has determined certain facts to be admitted due to Plaintiff's failure to properly controvert those facts. *See* Fed. R. Civ. P. 56(e). The court has also declined to consider certain facts proposed by Plaintiff due to Plaintiff's failure to cite to the record in support of the proposed facts. *Id.*

**II.  Facts**

The court finds that the following facts are uncontroverted. On or about May 24, 2012, Plaintiff took out a loan and executed and delivered a promissory note to repay the loan to Landmark National Bank in the amount of $57,504. The note was secured by a mortgage on the property located at 2916 Eaton Street, Kansas City, Kansas (the "property"). The servicing of the loan was later transferred and Defendant became the holder of the note and the mortgage. According to the terms, a default on the mortgage occurs when Plaintiff fails to make monthly payments. If a default occurred, Defendant had the right to initiate foreclosure proceedings. (Docs. 59 at 1-2; 65 at 3.)

In April or May 2014, Plaintiff had fallen at least two mortgage payments behind and was in default. When Plaintiff was in default, Defendant, at times, returned payments submitted by Plaintiff because they were insufficient to cure the default. On May 19, 2014, Plaintiff spoke with Defendant's representative regarding his default and the payment amount he needed to become current. On May 20, Plaintiff obtained a cashier's check from BMO Harris Bank in the amount of $1,366.00 payable to Defendant (the "May 20 cashier's check"). The May 20 cashier's check was received by Defendant on July 7, 2014. It was processed for payment on that date. Defendant provisionally credited the May 20 cashier's check on Plaintiff's loan when it initially received the check. (Doc. 59-7, Declaration of Meng Tia.).[2] Defendant attempted to process the cashier's check for payment on July 7 and 22. Both attempts were unsuccessful as BMO Harris Bank had electronically placed a stop payment order on the check. (*Id.*; 59-8.)[3] The stop payment order from BMO Harris Bank came to Defendant through an electronic transmittal and included the routing number of the bank that ordered the stop payment, the check number, the amount of the check, and the reason for the stop payment order. (Doc. 59-7.) Plaintiff also obtained a second cashier's check from BMO Harris Bank in the amount of $1,366.00 on June 27, although the record does not state when this check was sent to Defendant. Both cashier's checks were required in order to cure Plaintiff's default and Plaintiff sent both checks to Defendant in order to avoid foreclosure. (Docs. 59 at 3-4; 65 at 6.)

---

[2] Plaintiff objects to the court's consideration of this declaration on the basis that it is "irrelevant and not probative." (Doc. 65 at 5.) Plaintiff asserts that Defendant did not present this as evidence in the foreclosure action and therefore it cannot be considered in this action. Plaintiff's objection is overruled. Tia's declaration is relevant to the issues in this case and Plaintiff offers no other evidence in support of Plaintiff's assertion that this fact is controverted. Plaintiff's arguments regarding the evidence presented to the state court judge will be addressed later in this order.

[3] Plaintiff also objects to this exhibit, which are records from BMO Harris Bank, as irrelevant and not probative because these documents were not utilized in the foreclosure action. (Doc. 65 at 5.) The court overrules the objection. Plaintiff has failed to cite to any authority for the proposition that an exhibit is not relevant in considering the probable cause issue if the exhibit was not admitted in the underlying proceeding. The exhibit is clearly relevant to the issues in this case.

On July 11, 2014, prior to attempting to process the May 20 cashier's check a second time, Defendant sent Plaintiff a letter. This letter notified Plaintiff that it received four money orders and the May 20 cashier's check. It further stated that Plaintiff's account was no longer in foreclosure status, all late fees were waived, and that the "account is currently due for the month of August 2014 payment" although there were excess funds in the account of $563.34.[4] (Doc. 65-3 at 2.)

As a result of the stop payment on the May 20 cashier's check, the August 2014 mortgage statement to Plaintiff reflected that the prior payment for the previous month was a negative $1,366.00. The statement also indicated that on 8/4/14 there was a "pymt rev." (Doc. 59-12 at 3.) Defendant's records reflect a "returned item reversal" on August 4, 2014. (Doc. 65-4.) The reversal of the May 20 cashier's check caused Plaintiff to be in default. Plaintiff's August 2014 statement states that Plaintiff was late on his payments and that a failure to bring his loan current may result in fees and foreclosure. (Doc. 59-12 at 2.) Plaintiff received the August statement sent by Defendant. On August 25, 2014, Defendant sent Plaintiff a letter notifying him that his loan was in default and that he needed to fully cure the default by submitting $1,394.50 by October 1 or Defendant would initiate foreclosure proceedings. (Doc. 59-13.) The letter does not state that there was a stop payment order on the May 20 cashier's check.

Plaintiff failed to cure the default and Defendant initiated foreclosure proceedings on October 14, 2014. During the foreclosure proceedings, Defendant repeatedly offered to modify

---

[4] Plaintiff makes a further representation that a payment was not required until September 2014 and Defendant asserts that this fact is controverted. (Doc. 65 at 13.) In addition to citing to the letter, Plaintiff cites to the trial transcript in support of this fact. Plaintiff has not filed the trial transcript as an exhibit, however, and the letter does not support this assertion. (Doc. 65-2.) Although Plaintiff indicated that the trial transcript was an exhibit, it is not in the record. Defendant has raised this issue in its reply and, therefore, Plaintiff's counsel should be aware of the absence of the exhibit in the record and Plaintiff has not provided the exhibit to the court. (Doc. 68 at 8.) The court has not considered Plaintiff's statements of facts that are based on the trial transcript and have been controverted by Defendant on the basis that the statements lack evidentiary support.

4

Plaintiff's loan to cure the default and avoid foreclosure but Plaintiff refused to fill out the paperwork to do so or consider a loan modification. Plaintiff sent monthly payments on the loan from September 2014 to December 2016. All payments were rejected by Defendant because Defendant determined that the payments were insufficient to bring Plaintiff's loan current. (Doc 65-6 at 4.)

On May 15, 2019, the state court entered a judgment against Defendant and in favor of Plaintiff. The court found that Plaintiff was in substantial compliance with the loan, "that no explanation was given for why he was not in compliance, and that at the time this case was filed he was not in breach of the agreement." (*Id.*)

Plaintiff filed this action against Defendant for malicious prosecution. Defendant now moves for summary judgment.

**III.  Analysis**

This action is proceeding in diversity and this claim is brought under Kansas law. To prove a claim of malicious prosecution under Kansas law, Plaintiff must prove the following elements:

1)  that the defendant initiated, continued, or procured civil procedures against the plaintiff;
2)  that the defendant did so without probable cause;
3)  that the defendant acted with malice, that is he acted primarily for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based;
4)  that the proceeding terminated in favor of the plaintiff; and
5)  that the plaintiff sustained damages.

*In re Landrith*, 280 Kan. 619, 647, 124 P.3d 467, 484-85 (2005) (quoting *Bergstrom v. Noah*, 266 Kan. 829, 974 P.2d 520 (1999)).

5

Defendant moves for summary judgment on the basis that Plaintiff cannot establish that it acted without probable cause and with malice. Defendant also argues that Plaintiff's emotional damages are not supported by the record. The remaining two elements are not in dispute.

An action for malicious prosecution requires Plaintiff to prove that Defendant initiated the foreclosure proceeding without probable cause. "Probable cause for instituting a proceeding exists when there is a reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious, or prudent, man in the belief that the party committed the act of which he is complaining." *Nelson v. Miller*, 227 Kan. 271, 277, 607 P.2d 438, 443-44 (1980). The inquiry is generally limited to the facts and circumstances as they appeared to Defendant when the action was commenced. *Id.* As explained in the Restatement, which the Kansas courts consistently apply, a party has probable cause if it "reasonably believes in the existence of the facts upon which the claim is based" and either "(a) correctly or reasonably believes that under those facts the claim may be valid under the applicable law, or (b) believes to this effect in good faith reliance upon advice of counsel after full disclosure of all known facts."[5] *Holick v. Burkhart*, 388 F. Supp. 3d 1370, 1382 (D. Kan. 2019) (quoting Restatement (Second) of Torts, § 675).

Defendant argues that it had probable cause to initiate the action because there is no dispute that the May 20 cashier's check was required to cure the default, that the check was returned due to a stop payment order, and that Plaintiff did not remit the balance owed by October 1, 2014. Plaintiff argues that Defendant did not have probable cause to initiate the action because Defendant did not submit evidence at the foreclosure proceeding that the May 20 cashier's check was subject to a stop payment order.

---

[5] Defendant is not relying on advice of counsel here.

6

According to Plaintiff, Defendant cannot assert that the May 20 cashier's check was reversed due to a stop payment order because that evidence was not presented to the court in the trial of the foreclosure action. (Doc. 65 at 17-20.) Plaintiff, however, fails to cite to any authority for the proposition that the evidence in a malicious prosecution case is limited to the evidence actually presented at trial. Rather, Kansas law requires the court to determine the facts and circumstances as they appeared to Defendant at the time the foreclosure proceeding was initiated. *Nelson*, 227 Kan. at 277. Defendant does not contend that it presented evidence on the stop payment at trial, although Defendant does object to Plaintiff's characterization of the evidence at the foreclosure trial due to Plaintiff's failure to attach the trial transcript as an exhibit. However, the judgment does reflect that Defendant provided "no explanation" as to why Plaintiff "was not in compliance." (Doc. 65-6 at 4.) This statement by the court does not directly address the May 20 cashier's check but the parties appear to be in agreement that the reversal of the cashier's check is the only reason Plaintiff was in default.

Plaintiff, however, makes no argument that Defendant's statement regarding its knowledge of the stop payment is false or fabricated and provides no evidence to that effect.[6] Plaintiff has only objected to the consideration of the declaration on the basis that it is not relevant and not probative. (Doc. 65 at 5.) Plaintiff does not challenge Defendant's statements of fact, which are supported by the declaration, that Defendant **discovered** a stop payment order on the check when it was **initially** processed for payment on July 7, 2014, and when it attempted to process the May

---

[6] Although Plaintiff submitted a statement of fact that Defendant never informed him of the stop payment, Defendant has controverted this fact in its reply brief and submitted evidence that it did in fact inform Plaintiff's counsel of the stop payment during the foreclosure proceedings and prior to trial. (Docs. 68-2, 68-3.) This evidence supports the fact that Defendant knew that the payment was reversed as a result of a stop payment; however, the court need not consider the evidence submitted in the reply brief based on the uncontroverted statements of facts as discussed herein. That said, the evidence could be properly considered as it has been submitted in support of Defendant's assertion that Plaintiff's proposed fact is controverted. *See* D. Kan. 56.1(c) ("In a reply brief, the moving party must respond to the non-moving party's statement of additional material facts in the manner prescribed in subsection (b)(1)," which requires citation to portions of the record on which the party relies.)

20 cashier's check again on July 22.  (Docs. 59 at 3; 65 at 5.)  Therefore, based on the undisputed facts, Defendant knew after it attempted to process the check on two occasions that BMO Harris Bank had placed a stop payment on the May 20 cashier's check.[7]  As a result, the payment was ultimately reversed and Plaintiff was in default.  Defendant then initiated the proceedings after it had knowledge that the May 20 cashier's check had a stop payment order by BMO Harris Bank.  Therefore, Defendant had reasonable grounds for suspicion to initiate and maintain the foreclosure action as Plaintiff was in default on his loan without payment of the funds from the May 20 cashier's check.[8]  *See Nelson*, 227 Kan. at 277.  The court finds that Defendant has established that it had probable cause to prosecute the foreclosure action.  As a result, the court need not address the issue of malice.  *See Porubsky v. Long*, No. 120,727, 2021 WL 2385860, at *6 (Kan. Ct. App. June 11, 2021) (citing *Nelson*, 227 Kan. at 276).

**IV.     Conclusion**

Defendant's motion for summary judgment (Doc. 58) is GRANTED.  The clerk is instructed to enter judgment in favor of Defendant.

IT IS SO ORDERED.  Dated this 26th day of January 2022.

                                                             s/ John W. Broomes
                                                             JOHN W. BROOMES
                                                             UNITED STATES DISTRICT JUDGE

---

[7] Given these facts, it is somewhat perplexing that Defendant did not present this evidence at trial.  However, the court has not been presented with the trial transcript and, therefore, has no evidence as to what exactly was presented at the trial.  Defendant may have presumed that its evidence that the payment was reversed was sufficient to sustain its burden.  (*See* Doc. 68 at 25) (arguing in its reply brief that Defendant's counsel at trial relied on the bank records which demonstrated the returned item and, subsequently, resulted in Plaintiff's default).  Moreover, Plaintiff has not claimed that Defendant is estopped from arguing this issue based on the findings by the trial court.

[8] Plaintiff does not dispute that he was in default of his loan without the May 20 cashier's check.  (Doc. 65 at 6.)