IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NADEW A. WELDEMARIAM,

Plaintiff,

v.                                                          Case No.  20-2301-JWB

BRANCH BANKING AND TRUST CO.,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to alter or amend judgment.   (Doc. 71.)  The motion has been fully briefed and is ripe for decision.  (Doc. 72.)  For the reasons provided herein, Plaintiff's motion is DENIED.

**I.      Procedural History**

This court previously entered summary judgment in favor of Defendant Branch Banking and Trust on Plaintiff's claim of  malicious prosecution.  (Doc. 69.)  In summary, the court concluded that Defendant was entitled to summary judgment because the evidence showed that Plaintiff had defaulted on his mortgage and, therefore, Defendant had probable cause to initiate the foreclosure action.  After the court entered judgment, Plaintiff filed this motion asking the court to set aside its order and judgment.  Although citing to Rule 59(e), Plaintiff fails to provide any legal authority or analysis as to why this court should grant the motion for reconsideration.  Instead, Plaintiff argues that relief is warranted because Plaintiff's counsel mistakenly failed to attach the trial transcript to Plaintiff's response to Defendant's motion for summary judgment.

**II.     Analysis**

**I.      Federal Rule of Civil Procedure 59(e)**

1

The only basis for relief Plaintiff has articulated in his motion is Rule 59(e), which has a narrow scope. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The court does not consider issues that have already been addressed or arguments that could have been raised. *Id.*

Plaintiff's motion does not sufficiently show a basis for reconsideration under Rule 59(e). First, there is no argument that there has been an intervening change in law. Second, to the extent Plaintiff is arguing that the transcript is new evidence, the court rejects that argument. The trial transcript is not new evidence and it was available during the summary judgment briefing. *See Satterlee v. Allen Press, Inc.*, 455 F. Supp.2d 1236, 1241 (D. Kan. 2006) (exhibits that counsel failed to attach during briefing were not new evidence). Finally, Plaintiff does not assert that the court committed clear error in its decision nor does Plaintiff articulate how this relief is necessary to prevent manifest injustice. Therefore, because Plaintiff has not established that relief is warranted under Rule 59(e), his motion to alter or amend the judgment pursuant to this rule is denied.

### 2.      Rule 60(b)

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment .... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." The Tenth Circuit has instructed courts to consider motions for reconsideration under this rule if the relief sought is due to attorney mistake. *See Jennings v. Rivers*, 394 F.3d 850, 856–57 (10th Cir. 2005) (discussing that a court should evaluate a postjudgment motion arguing attorney mistake under Rule 60(b)(1)).

"[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993).  More generally, "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.'  The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)).  This determination is an equitable one, "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.  Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*  "'[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable.'" *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

In this case, Plaintiff's counsel argues that the failure to attach the trial transcript was a mistake that he did not realize until reading this court's order on summary judgment.  Plaintiff's counsel argues that he thought he uploaded the transcript to this court's docketing system and points to the cover page for the exhibit.  The court agrees that it appears that Plaintiff did have a placeholder for the exhibit.  However, Plaintiff apparently did not review the memorandum and exhibits after they were filed.  According to the docket, Plaintiff received electronic notification of the filing.  (Doc. 65.)  Notably, the clerk's office had to refile Plaintiff's response and exhibits

after Plaintiff's counsel filed the documents incorrectly.  (*See* Docs. 62, 63, 64.)[1]  After correcting the filing mistake, Plaintiff was sent the documents that were filed.  (Doc. 65.)  Plaintiff apparently did not review the corrected filing or he would have learned of the absence of the trial transcript. Were this the only inadvertence, the court would be inclined to find that it was excusable. However, as pointed out by Defendant, Plaintiff's counsel had notice of the missing transcript after being provided Defendant's reply brief.  (Doc. 68.)   In Defendant's reply, Defendant makes repeated references to the missing transcript and objects to consideration of several facts on this ground.   Thus, it appears that Plaintiff's counsel did not review Defendant's reply brief even though the reply brief was on file for more than three months prior to this court's ruling on summary judgment.  (*See* Docs. 68, 69.)  Defendant makes this point in its response to Plaintiff's motion; however, Plaintiff failed to file a reply brief here.   Therefore, Plaintiff has provided no explanation as to why Plaintiff's counsel did not immediately take action on the missing exhibit after the reply brief was filed and pending for some time prior to the entry of the order on summary judgment.

Taking into account all of the relevant circumstances, the court finds that Plaintiff's attorney's neglect in this case was not excusable although it is ultimately harmless due to the court's review of the arguments on the merits.  *See Satterlee*, 455 F. Supp. 2d at 1245 (finding counsel's neglect in failing to recognize that the exhibits were not attached as inexcusable given the notice of the reply brief and the notifications of the filings).

### 3.        Summary Judgment Ruling

---

[1] None of these filings included the trial transcript.

Moreover, a review of Plaintiff's arguments show that Plaintiff is not entitled to relief on the merits in that the evidence does not show a genuine dispute of material fact as to whether Defendant had probable cause to initiate foreclosure proceedings.

Plaintiff initially argues that the court erred in considering exhibits presented by Defendant because these exhibits were not admitted during the state court trial. (Doc. 71 at 3.) Plaintiff is essentially seeking reconsideration of the court's ruling. The court already addressed this issue on the merits in the order for summary judgment. (Doc. 69 at 3, n.2, 7-8.) On a motion for reconsideration or a Rule 60(b) motion, it "is not appropriate to revisit issues already addressed." *Servants of Paraclete*, 204 F.3d at 1012. Therefore, Plaintiff's arguments pertaining to Defendant's exhibits lack merit.

Next, Plaintiff asserts that the fact that these exhibits were not used at the state trial supports an inference that the evidence within the exhibits did not exist at the time the foreclosure case was initiated. (Doc. 71 at 3-4.) In the previous order, this court noted that Plaintiff did not contend that the evidence was falsified nor did he offer any evidence to controvert the facts supported by the exhibits. (Doc. 69 at 7.) Rather, the only basis for controverting the facts based on the exhibits was that the information was "irrelevant and not probative" because it was not presented in the foreclosure case and, therefore, was not part of the evidence. (Doc. 65 at 5.)

As discussed throughout the summary judgment order, Plaintiff argued that Defendant did not introduce evidence of the stop payment order on the May 20 cashier's check during the state court trial although Defendant introduced documentary evidence that Plaintiff's bank did not honor the cashier's check due to a stop payment order. (Doc. 69.) Contrary to Plaintiff's argument that this evidence was not in existence, Defendant introduced evidence that its counsel and Plaintiff's counsel discussed the stop payment order during the pendency of the foreclosure action. (Doc. 69

at 7, n.6.)  Therefore, Plaintiff's suggestion that this evidence was non-existent because it wasn't used in trial is not supported by the evidence in this case.  Although Defendant's witness during the trial did not testify that the returned item was due to a stop payment, it was clear from the testimony that Plaintiff's bank did not honor Plaintiff's May 20 cashier check.  (Doc. 71-1 at 37, 54, 58.)  Therefore, Defendant did not have the funds from Plaintiff which were needed to cure default.

Finally, Plaintiff does not specifically identify any facts that the court failed to consider due to the lack of transcript that would create a genuine dispute of material fact as to whether he was in default at the time of the foreclosure.[2]  Plaintiff has not shown that consideration of the transcript in this case would result in a denial of summary judgment.  Therefore, his motion lacks merit.

## III.     Conclusion

Plaintiff's motion to alter or amend judgment (Doc. 71) is DENIED.

IT IS SO ORDERED.  Dated this 9th day of May 2022.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[2] The court further notes that in addition to objecting to Plaintiff's facts due to lack of evidence, Defendant also controverted Plaintiff's proposed facts with citations to the record.  (Doc. 68 at 8-20.)